UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YVONNE L. HUGHES,

                              Plaintiff,

                                                                                   <u>DECISION AND ORDER</u>

                                                                                  07-CV-6356L

                          v.

ELMIRA COLLEGE,

                              Defendant.
_____

      Pending before the Court is defendant's motion to dismiss this discrimination action on the grounds it was not timely filed, as required by statute, within 90 days of receipt of a Right-To-Sue Notice issued by the Equal Opportunity Employment Commission ("EEOC"). For the reasons set forth below, the motion is granted and the complaint is dismissed.

      Plaintiff filed her *pro se* complaint on July 20, 2007. That complaint, filed on a preprinted form, indicated that the action was brought for discrimination in employment based on Title VII of the Civil Rights Act. In the complaint, plaintiff twice indicates that she received the Notice of Right-To-Sue Notice from the EEOC on "ca. April 19, 2007." (Dkt. #1 at 3, 4).

      Individuals seeking relief under Title VII may only bring an action for employment discrimination after filing a timely charge with the EEOC and receiving a Right-To-Sue letter from that agency. 42 U.S.C. § 2000e-5(e). Title VII allows a plaintiff 90 days following issuance of a

Right-To-Sue letter within which to commence the action. 42 U.S.C. §2000e-5(f)(1). The 90-day period is "strictly enforced," *Holmes v. NBC/GE*, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996), and cannot be extended "by even one day." *See Johnson v. AL Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984), *quoting Rice v. New England College*, 676 F.2d 9, 11 (1st Cir. 1982). *See also Peete v. American Std. Graphic,* 885 F.2d 331, 332 (6th Cir. 1989); *Harvey v. City of New Bern Police Dept.,* 813 F.2d 652 (4th Cir. 1987); *Moscowitz v. Brown*, 850 F. Supp. 1185, 1192 (S.D.N.Y. 1994). In *Crawford-Mulley v. Corning, Inc.,* 77 F. Supp2d. 366, 367 (W.D.N.Y. 1999) this Court determined that a discrimination action filed 95 days after issuance of the Right-To-Sue letter was deemed to be untimely, and the case was dismissed.

The issue of the timeliness of the complaint was raised shortly after plaintiff filed the complaint. By decision and order entered August 17, 2007, another Judge of this Court indicated that based on plaintiff's reference to receipt of the Right-to-Sue letter "ca. April 19, 2007," the pleading was ambiguous and he was unable to determine that the action was timely. Plaintiff was directed to respond by September 4, 2007 and provide evidence establishing when the notice was received or demonstrating any other equitable basis to toll the statute of limitations. Plaintiff was advised that the failure to comply and file such material by September 4, 2007 would result in the dismissal of the case. (Dkt. #3). Plaintiff failed to respond by the date indicated, but did submit a memorandum of law three days late (Dkt. #18) wherein she reiterated her "sincere belief," originally expressed in an unsworn statement styled as a motion for additional time to respond to the motion to dismiss (Dkt. #4), that she had actually received the Right-To-Sue letter on April 22, 2007. As defendants point out, the three-day difference between this date, and that set forth by plaintiff

originally in her complaint, has substantial consequences. Defendant suggests that the date was altered in plaintiff's subsequent response to attempt to bring this action within the 90-day limitations period, since the receipt date alleged in the Complaint, April 19, 2007, would indicate that this action is untimely – 92 days after receipt of the Right-To-Sue letter – whereas the revised date of April 22, 2007, would allow the action to proceed as timely.

In order to resolve such issues when a receipt date is unknown, courts generally presume that a mailed document is received three days after the date on which it is sent. Fed. R. Civ. Proc. 6(e); *Comrie v. Bronx Leb. Hosp.*, 1998 U.S. App. LEXIS 1224 at *4 (2d Cir. 1998). Here, if the Court uses the mailing date stamped on the notice, which is April 17, 2007, and presumes plaintiff's receipt within three days, the suit filed on July 20, 2007 is still untimely, having been filed on the 91st day after the Right-To-Sue letter was received.

While the three-day presumption "may be rebutted by admissible evidence, such as an affidavit by the claimant stating the actual date of receipt," plaintiff has not offered such evidence here. *Comrie*, 1998 U.S. App. LEXIS 1224 at *4. *See also Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996). Plaintiff's submissions, consisting of an unsworn statement styled as a motion, and a memorandum of law, are unsworn and inadmissible, and therefore insufficient to rebut the three-day presumption. *See Nash v. Human Dev. Servs.*, 2003 U.S. Dist. LEXIS 21736 (S.D.N.Y. 2003) (holding that unsupported allegations, even "together with unsworn correspondence to the Court," are insufficient to create a genuine issue of material fact as to a claimant's date of receipt of a Right-To-Sue letter)*, citing Trebor Sportswear, Inc v. The Limited Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989) (in order to survive motion for summary judgment on timeliness issue,

plaintiff must provide sufficient, admissible evidence). *See also Belgrave v. Pena*, 2000 U.S. Dist. LEXIS 13141 (S.D.N.Y. 2000) (dismissing claims as untimely where plaintiff's rebuttal of three-day presumption consists of unsupported statements of fact in a memorandum of law).

Furthermore, plaintiff has not raised, or offered evidence to justify, any other grounds for equitable tolling of the 90-day limitations period. *See generally Wong v. Health First, Inc.*, 2005 U.S. Dist. LEXIS 14309 at *18-*24 (S.D.N.Y. 2005) (describing various grounds for equitable tolling, and observing that "[t]he requirements for equitable tolling have been described in various ways in different cases, but it invariably comes down to whether plaintiff was diligent and whether the defendant somehow misled the plaintiff").

## CONCLUSION

For all of the above reasons, defendants' motion to dismiss plaintiff's complaint on the grounds that it is untimely (Dkt. #15) is granted and the complaint is dismissed. Plaintiff's pending motion relating to electronic filing (Dkt. #13) is dismissed as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
     November 3, 2008.